UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TRACY L. BAILEY, JR., #433737,       )
                                      )
        *Plaintiff*,                  )
                                      )    No.: 1:13-cv-258-HSM-WBC
v.                                    )
                                      )
WARDEN ERIC QUALLS, et al.,           )
                                      )
        *Defendants*.                 )

## MEMORANDUM

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983, in which Plaintiff alleges he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when defendants at the Bledsoe County Correctional Complex (BCCX) left him on the floor for five hours handcuffed and in leg restraints on July 29, 2013. In their answer to Plaintiff's complaint, Defendants raise, *inter alia*, the affirmative defense that Plaintiff failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a). For the following reasons, this action will be **DIMISSED WITHOUT PREJUDICE** based upon Plaintiff's failure to exhaust his administrative remedies. All pending motions will be **DENIED** as **MOOT**.

The PLRA specifically provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The exhaustion requirement of the PLRA is

one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88. In addition, a prisoner must exhaust the grievance process to all levels of appeal before filing his complaint. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). A prisoner who fails to follow the correctional facility's grievance procedures cannot demonstrate exhaustion of administrative remedies. *See Williams v. Moore*, 34 F. App'x 475, 477 (6th Cir. May 7, 2002); *Black v. Tarver*, 21 F. App'x 285, 286 (6th Cir. August 9, 2001).

As the Supreme Court has noted, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Nevertheless, the *Jones* Court also held "that failure to exhaust is an affirmative defense under the PLRA and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. at 216.

Plaintiff filed this action on August 12, 2013. In his complaint, Plaintiff stated that he filed a grievance concerning the violation of his Eighth Amendment rights but had not heard anything from the grievance chairperson so assumed it was still pending. [Doc. 2, Complaint, p. 3]. Attached as an exhibit to the complaint is a copy of a grievance dated July 30, 2013, in which Plaintiff complains he was subjected to cruel and unusual treatment on July 29, 2013, when he was left handcuffed and in leg restraints for five hours; he does not mention the officers involved. [*Id*., Exhibit A, p. 2]. The exhibit also indicates it was returned to Plaintiff unprocessed on July 31, 2013 by the Grievance

2

Chairperson, based upon Plaintiff's failure to follow the policy for filing a grievance by failing to list "specific details" such as "dates, times, names of persons involved." [*Id*. at 1]. In a subsequent motion to amend the complaint, which was granted, Plaintiff supplemented the complaint with additional exhibits regarding prison procedure and grievances he had filed. [Doc. 13, Exhibits K-S].

As noted, in their answer to the complaint the Defendants raised the affirmative defense of failure to exhaust administrative remedies. [Doc. 35, Answer, p. 3]. The Court then ordered the defendants to provide proof to support their affirmative defense, including copies of relevant prison policies and procedures with respect to filing grievances as well as copies of "all grievances, appeals, and responses involving Plaintiff's claims . . . ." [Doc. 37, Order, p. 2]. The defendants were also ordered to note "what procedure they claim Plaintiff failed to follow." [*Id*. at 3]. In response to the Court's Order, the defendants filed their supplemental information regarding the exhaustion defense. [Doc. 54, Supplemental Information].

Jonathan Higdon, a captain with the Tennessee Department of Correction (TDOC), testifies that at the time of the incident that gave rise to this action, he was an administrative lieutenant who was responsible for supervising the grievance board. [*Id*., Exhibit 1, Affidavit of Captain Jonathan Higdon, p. 1]. According to Captain Higdon, "[a]ll grievance information is tracked using the Tennessee Offender Management Information System, or TOMIS." [*Id*.]. Captain Higdon further testifies that "[b]etween the date of the alleged incident and the date on which inmate Bailey filed his lawsuit, not a single grievance was properly filed and logged into TOMIS." [*Id*. at 2]. He states that

3

the grievance closest to the date of the alleged incident was filed on August 26, 2013, as grievance number 00266898. [*Id*.]. Captain Higdon testifies that this grievance, which the Court notes was filed after the pending lawsuit was filed, was past the seven-day time limit for filing grievances under TDOC policy, making it untimely. [*Id*.]. Captain Higdon also testifies that, in order to complete the grievance procedure, a prisoner must pursue his grievance to all three levels of appeal. [*Id*. at 3].

The grievance procedures of the TDOC support Captain Higdon's testimony in this regard. [*Id*., Exhibit 2, TDOC Administrative Policies and Procedures, Index #501.01, Inmate Grievance Procedures]. A grievance must be filed on the proper form, Form CR-1934, within seven days of the event that gave rise to the grievance. [*Id*. at 2, TDOC Policy 501.01(VI)(C)(1)]. In addition,

> All copies of the form must be legible and intact. Grievance forms which are improperly completed or contain insufficient information for processing shall be returned to the inmate with instructions as to proper completion. It should not be logged as received (which starts the deadline times running) until the corrected version is submitted."

[*Id*.].

The TOMIS log of Plaintiff's grievance history likewise supports Captain Higdon's testimony. [*Id*., Exhibit 4, TOMIS Grievance Record]. There is no record that Plaintiff filed a proper grievance within seven days of July 29, 2013, the date of the alleged incident. [*Id*. at 1-2]. Plaintiff's grievance of July 30, 2013, was not processed because it did not comply with TDOC policy, and therefore does not satisfy the exhaustion requirement.

4

On August 26, 2013, Plaintiff filed grievance #00266898 in which he claimed that the grievance chairperson was not processing his grievances. [*Id*. at 3]. On October 2, 2013, Plaintiff filed three grievances which could presumably be related to this action: #00268362, in which he claimed that internal affairs would not respond to his information requests; #00268380, in which he claimed that his grievances were not being processed properly; and #00268388, in which he claimed that internal affairs would not respond to his requests. [*Id*. at 11, 15, and 19, respectively].

These grievances do not, however, address Plaintiff's claim that he was subjected to cruel and unusual punishment. In addition, the grievances were filed after this action was filed and thus would not fulfill the exhaustion requirement in any event. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (citations omitted) (a prisoner "may not exhaust administrative remedies during the pendency of the federal suit").

Based upon the record, Plaintiff did not exhaust his administrative remedies prior to filing his complaint and his complaint is subject to dismissal for failure to exhaust. Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. All pending motions will be **DENIED** as **MOOT**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                         */s/ Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE